IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ENDREES BRIDGES | * |
| Plaintiff | * |
| vs. | * Case No: 21 CV 1319 PWG |
| PRINCE GEORGE'S COUNTY, MARYLAND, *et al.* | * |
| Defendants | * |
| | |
| PRINCE GEORGE'S COUNTY, MARYLAND | * |
| Defendant/Cross-Plaintiff | * |
| vs. | * |
| PRISON MINISTRY OF AMERICA, | * |
| Defendant/Cross-Defendant | * |

**DEFENDANT PRINCE GEORGE'S COUNTY, MARYLAND'S ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST PRISON MINISTRY OF AMERICA**

The Defendant Prince George's County, Maryland, by and through the undersigned counsel and the Prince George's County, Maryland Office of Law, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure submits this answer to the Complaint and, pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts a cross-claim against Defendant/Cross-Defendant Prison Ministry of America ("PMA") for contribution and indemnification, and in support thereof states the following:

**INTRODUCTION**

1. That Defendant admits to allegations in paragraph 1 of the Complaint.

2. That Defendant denies the allegations in paragraph 2 of the Complaint.

1

3. That Defendant admits the allegations in paragraph 3 of the Complaint.

4. That Defendant denies the allegations in paragraph 4 of the Complaint.

5. That Defendant denies the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. That Defendant admits to the statement of jurisdiction in paragraph 6 of the Complaint.

7. That Defendant admits to the statement of jurisdiction in paragraph 7 of the Complaint.

8. That Defendant admits to the statement of personal jurisdiction as to Defendant Prince George's County, Maryland in paragraph 8 of the Complaint. The remaining statement of personal jurisdiction as to Defendant PMA requires no answer from this Defendant.

9. That Defendant admits to the statement of subject matter jurisdiction in paragraph 9 of the Complaint.

10. That Defendant admits to the statement of subject matter jurisdiction in paragraph 10 of the Complaint.

11. That to the extent that the statement in paragraph 11 is a statement of entitled to attorney attorneys pursuant to statute is a statement of law, no answer is required.

12. That to the extent that the statement in paragraph 12 is a demand for damages, no answer is required.

13. That Defendant admits to the statement of venue in paragraph 13 of the Complaint.

## PARTIES

14. That Defendant is without sufficient information or knowledge to either admit or deny the allegations in paragraph 14 of the Complaint.

15. That Defendant admits that Prince George's County, Maryland is a political subdivision

in the State of Maryland and the Prince George's County Department of Corrections is a department within its political subdivision that confines pretrial and post-convicted individuals at the Prince George's County Detention Center.  Prince George's County Detention Center has policies and procedures for incarcerated individuals within its facility that include religious services.

16. That Defendant admits that Defendant Prince George's County, Maryland awarded Defendant Prison Ministry of America ("PMA"), a non-profit organization, a contract to provided religious services to incarcerated individuals in its detention facility.  PMA's mission statement is "an organization bringing hope and restoration to those who have experienced incarceration, through prayer, spiritual counseling, printed materials, and Chaplaincy support."

## NATURE OF THIS ACTION

17. That to the extent the statement in paragraph 17 is a statement of subject matter jurisdiction, no further answer is required.

18. That Defendant denies the allegations in paragraph 18 of the Complaint.

19. That Defendant denies the allegations in paragraph 19 of the Complaint.

20. That Defendant denies the allegations in paragraph 20 of the Complaint.

21. That Defendant admits that it entered into a contract with PMA to provide religious services to those incarcerated at its detention facility.  Defendant denies the remainder of the allegations in paragraph 21 of the Complaint.

22. That Defendant admits the allegations in paragraph 22 of the Complaint.

23. That Defendant admits the allegations in paragraph 23 of the Complaint.

24. That Defendant admits the allegations in paragraph 24 of the Complaint.

25. That Defendant denies the allegations in paragraph 25 of the Complaint.

26. That Defendant admits the allegations in paragraph 26 of the Complaint.

27. That Defendant denies the allegations in paragraph 27 of the Complaint.

28. That Defendant admits that Plaintiff began volunteering Muslim religious services at the Prince George's County Detention Center in 2018. That Defendant is without sufficient information and knowledge to either admit or deny the reminder of the allegations in paragraph 28 of the Complaint.

29. That Defendant admits the allegations in paragraph 29 of the Complaint.

30. That Defendant admits that Mark Maciel contacted Plaintiff and introduced himself. Defendant is without sufficient information and knowledge to either admit or deny the remainder of the allegations in paragraph 30 of the Complaint.

31. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 31 of the Complaint.

32. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 32 of the Complaint.

33. That Defendant admits that Plaintiff and Mark Maciel discussed the chaplain position at the Prince George's County Detention Center. Defendant is without sufficient information and knowledge to either admit or deny the remainder of the allegations in paragraph 33 of the Complaint.

34. That Defendant admits that an application for the chaplain position was sent to Plaintiff. Defendant is without sufficient information and knowledge to either admit or deny the remainder of the allegations in paragraph 34 of the Complaint.

35. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 35 of the Complaint.

36. That Defendant is without sufficient information and knowledge to either admit or deny

the allegations in paragraph 36 of the Complaint.

37. That Defendant denies the allegations in paragraph 37 of the Complaint.

38. That Defendant denies the allegations in paragraph 38 of the Complaint.

39. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 39 of the Complaint.

40. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 40 of the Complaint.

41. That Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 41 of the Complaint.

42. That Defendant admits that Mark Maciel contacted Plaintiff to inquiry on his application submission and the submission deadline.  Defendant is without sufficient information and knowledge to either admit or deny the allegations in paragraph 41 of the Complaint.

## COUNT I
### Violation of First and Fourteenth Amendment to the United States Constitution
### (Free Exercise of Religion)

43. That Defendant repeats and realleges each and every response above as if set forth fully herein.

44. That Defendants admit the allegations in paragraph 44 of the Complaint.

45. That to the extent that the allegations in paragraph 45 fail are not asserted against Defendant Prince George's County, Maryland, no answer is required.

46. That Defendant denies the allegations in paragraph 46 of the Complaint.

47. That Defendant denies the allegations in paragraph 47 of the Complaint.

48. That Defendant denies the allegations in paragraph 48 of the Complaint.

49. That Defendant denies the allegations in paragraph 49 of the Complaint.

50. That Defendant denies the allegations in paragraph 50 of the Complaint.

51. That Defendant denies the allegations in paragraph 51 of the Complaint.

52. That Defendant denies the allegations in paragraph 52 of the Complaint.

53. That Defendant denies the allegations in paragraph 53 of the Complaint.

54. That Defendant denies the allegations in paragraph 54 of the Complaint.

55. That Defendant denies the allegations in paragraph 55 of the Complaint.

### COUNT II
### Violation of First and Fourteenth Amendment of the United States Constitution
### (Establishment Clause)

56. That Defendant repeats and realleges each and every response above as if set forth fully herein.

57. That to the extent that paragraph 57 is a statement of subject matter jurisdiction admitted to previously, no answer is required.

58. That to the extent that the allegations in paragraph 58 fail to assert any allegations against Defendant Prince George's County, Maryland, no answer is required.

59. That Defendant admits that in the past, it contracted with Good News Jail and Prison Ministry, a non-profit Christian organization, to provide religious services to those incarcerated in its detention facility. In exchange for religious services, Defendant paid Good News. Defendant denies the remainder of the allegations in paragraph 59 of the Complaint.

60. That Defendant denies the allegations in paragraph 60 of the Complaint.

61. That Defendant denies the allegations in paragraph 61 of the Complaint.

62. That Defendant denies the allegations in paragraph 62 of the Complaint.

63. That Defendant denies the allegations in paragraph 63 of the Complaint.

64. That Defendant denies the allegations in paragraph 64 of the Complaint.

65. That Defendant denies the allegations in paragraph 65 of the Complaint.

66. That Defendant denies the allegations in paragraph 66 of the Complaint.

67. That Defendant denies the allegations in paragraph 67 of the Complaint.

68. That Defendant denies the allegations in paragraph 68 of the Complaint.

69. That Defendant denies the allegations in paragraph 69 of the Complaint.

70. That Defendant denies the allegations in paragraph 70 of the Complaint

## DEFENSES

1. Plaintiff fails to state a claim for relief against Defendant Prince George's County, Maryland.

2. Plaintiff failed to exhaust administrative remedies.

3. Defendant is entitled to qualified immunity.

4. Defendant's policies do not impose a substantial burden on the exercise of religion.

5. The Defendants demand strict proof of all elements of Plaintiff's claims for liability and damages.

6. The Defendants reserve the right to assert all defenses legally available, including, but not limited to those listed herein.

7. Plaintiff lacks standing to pursue this action.

## CROSS CLAIM AGAINST DFENDANT PRISON MINISTRY OF AMERICA

Defendant/Cross-Plaintiff Prince George's County, Maryland, by and through the Prince George's County Office of Law and undersigned counsel, pursuant to Federal Rule of Civil Procedure

13(g), files a cross-claim against Defendant/Cross-Defendant Prison Ministry of America **("PMA")** for indemnification and/or contribution and states as follows:

1. That Plaintiff Edrees Bridges brought suit against Defendant/Cross-Plaintiff Prince George's County, Maryland and Defendant/Cross-Defendant Prison Ministry of America alleging violation of the First and Fourteenth Amendment**s** of the United States Constitution and 42 U.S.C. **§**1983 for alleged violation of his constitutional rights to exercise his religion. Plaintiff's Complaint is incorporated by reference as if fully set forth herein.

2. Defendant/Cross-Plaintiff Prince George's County, Maryland denies these allegations.

3. Plaintiffs allege that Defendant/Cross-Defendant PMA became an agent of Defendant/Cross-Plaintiff Prince George's County, Maryland, when they parties entered into a contract wherein PMA would provide religious services to incarcerated individuals in the Prince George's County Detention Center. See ECF-1, ¶¶16, 21-22.

4. The contract entered into by Defendant/Cross-Plaintiff Prince George's County, Maryland and Defendant/Cross-Defendant PMA contains a hold harmless clause that requires the contractor to indemnify and hold the County harmless for any loss, costs, damages, and other expenses suffered or incurred by the County by reason of the Contractor's negligence or failure to perform any of its obligations under the contract.

5. Provided that Plaintiff prevails on any of the above referenced counts against Defendant/Cross-Plaintiff Prince George's County, Maryland, then Cross-Defendant Prison Ministry of America is liable to Defendant/Cross-Plaintiff Prince George's County, Maryland for indemnification and/or contribution based upon the claims asserted in the Plaintiff's Complaint.

WHEREFORE, Defendant/Cross-Plaintiff Prince George's County, Maryland demands judgment

of indemnification and/or contribution against Defendant/Cross-Defendant Defendant/Cross-Defendant Prison Ministry of America.

                                                            Respectfully submitted,

of indemnification and/or contribution against Defendant/Cross-Defendant Defendant/Cross-Defendant Prison Ministry of America.

Respectfully submitted,

**RHONDA L. WEAVER**
**COUNTY ATTORNEY**

**ANDREW J. MURRAY**
**DEPUTY COUNTY ATTORNEY**

*Shelley L. Johnson*
Shelley L. Johnson
Associate County Attorney
Maryland Federal Bar No. 15853
Wayne K. Curry Administration Building
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952-3932 voice
(301) 952-3071 facsimile
sljohnson@co.pg.md.us

**Filed:  09/17/21**